```
 1  ANDRÉ BIROTTE, JR.
    United States Attorney
 2  LEON W. WEIDMAN
    Assistant United States Attorney
 3  Chief, Civil Division
    ROBERT I. LESTER
 4  Assistant United States Attorney (CBN 116429)
        Federal Building, Suite 7516
 5      300 North Los Angeles Street
        Los Angeles, California 90012
 6      Telephone: (213) 894-2464
        Facsimile: (213) 894-5900
 7      E-mail: robert.lester@usdoj.gov

 8  Attorneys for Plaintiff

 9

10               UNITED STATES DISTRICT COURT

11            FOR THE CENTRAL DISTRICT OF CALIFORNIA

12

13  UNITED STATES OF AMERICA,     No. SACV 13-01183 JST (RNBx)

14            Plaintiff,          [SACR 99-0143-GLT]

15       v.
                                  NOTICE OF REQUEST AND
16  KEITH ROBERT DROHAN,          REQUEST FOR SELECTION OF A
                                  UNITED STATES MAGISTRATE
17            Defendant.          JUDGE TO SET A DATE FOR A
                                  JUDGMENT DEBTOR EXAMINATION
18                                IN A CRIMINAL CASE;

19                                APPLICATION FOR ORDER FOR
                                  APPEARANCE OF JUDGMENT
20                                DEBTOR AND FOR PRODUCTION
                                  OF DOCUMENTS;
21
                                  DECLARATION;
22
                                  [PROPOSED] ORDER.
23

24

25

26

27

28
```

Plaintiff United States of America respectfully requests that a United States Magistrate Judge be selected in this matter to set a date for a judgment debtor examination in the subject criminal case, and that the judgment debtor be ordered to produce documents.

On or about October 2, 2001, this Court (Hon. Gary L. Taylor) sentenced Keith Robert Drohan, issuing a Judgment and Commitment Order ("Judgment") by which Drohan was ordered to pay a special assessment of $100.00 and restitution of $72,500. A copy of the Judgment is attached to the declaration of Robert I. Lester hereto as Exhibit 1.

As of August 1, 2013, payments of $1,225.00 have been made by or on behalf of Drohan toward satisfaction of the Judgment. Lester Declaration ¶ 3.

The United States hereby applies for an order requiring Dickinson (1) to appear between September 23 and September 25, 2013 to provide testimony, under oath, in connection with the enforcement of the Judgment, and (2) to produce to counsel for the United States -- by no later than 10 days before the date set forth in the order setting the judgment debtor examination -- the documents described on the list attached as Exhibit 2

that are in his possession, custody, or control, pursuant to Fed. R. Civ. P. 69 and California Code of Civil Procedure § 708.100.

The Judgment Debtor resides within 150 miles of the place of examination. See Cal. Civ. Proc. § 708.160(b). There has been no previous examination of Dickinson within the last four months. No bond to stay execution on appeal has been filed on behalf of Drohan. Lester Decl. ¶ 4.

DATED: August 1, 2013.  Respectfully submitted,

ANDRÉ BIROTTE, JR.
United States Attorney
LEON W. WEIDMAN
Assistant United States Attorney
Chief, Civil Division

/s/ Robert I. Lester
ROBERT I. LESTER
Assistant United States Attorney

Attorneys for Plaintiff

## DECLARATION OF ROBERT I. LESTER

I, ROBERT I. LESTER, do hereby declare:

1. I am an attorney at law duly licensed to practice before all courts of the State of California and this Court. I am an Assistant U.S. Attorney in the Financial Litigation Unit of the Civil Division of the United States Attorney's Office. I am an attorney for plaintiff United States. I reviewed the files pertaining to this matter which are kept in the ordinary course of business in our office. If called as a witness I could, and would, competently testify thereto before this Court.

2. On or about October 2, 2001, this Court (Hon. Gary L. Taylor) sentence Keith Robert Drohan, issuing a Judgment and Commitment Order ("Judgment") by which Drohan was ordered to pay a special assessment of $100.00 and restitution of $72,500. See Exhibit 1 (Judgment).

3. As of August 1, 2013, payments of $1,225.00 made by or on behalf of Drohan have been credited toward the satisfaction of the Judgment, leaving a principal balance of $71,275.00 as the unpaid restitution.

4. There has not been an examination of Drohan within the last four months. No bond to stay execution on appeal has been filed on behalf of Drohan.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on August 1, 2013, at Los Angeles, California.

*/s/ Robert I. Lester*
ROBERT I. LESTER

**EXHIBIT 1**

**United States District Court**
**Central District of California**

Docket No. CR- SA CR 99-143-GLT

1999R02688

UNITED STATES OF AMERICA vs.

| | |
|---|---|
| Defendant | DROHAN, Keith Robert |
| akas | |
| & Residence Address | 16651 Unstall Lane, #2<br>Huntington Beach, CA 92647 |

Social Security No. 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

Mailing Address: 16478 Beach Boulevard, #125
Westminster, CA 92683

OCT 15

Chpd - Dec 7, 2000

## JUDGMENT AND PROBATION/COMMITMENT ORDER

In the presence of the attorney for the government, the defendant appeared in person on this date.

| MONTH | DAY | YEAR |
|---|---|---|
| 10 | 02 | 01 |

**COUNSEL**: [X] WITH COUNSEL — Leon Peterson, DFPD
(Name of Counsel)

**PLEA**: [X] GUILTY, and the court being satisfied that there is a factual basis for the plea. [ ] NOLO CONTENDRE [ ] NOT GUILTY

**FINDING**: There being a finding/verdict of [ ] GUILTY, defendant has been convicted as charged of the offense(s) of:

18 USC 1343: Wire Fraud (Count 12 of a 13-Count Indictment), Class D Felony

**JUDGMENT AND PROB./COMMITMENT ORDER**: The Court asked whether defendant had anything to say why judgment should not be pronounced. Because no sufficient cause to the contrary was shown, or appear to the Court, the Court adjudged the defendant guilty as charged and convicted and ordered that: Pursuant to the Sentencing Reform Act of 1984, it is the judgment the Court that the defendant is hereby committed to the custody of the Bureau of Prisons to be imprisoned for a term of:

5 months as to Count 12 of the Indictment. The Court recommends to the Bureau of Prisons that defendant be designated to serve five months in a Community Corrections Center. Upon release from imprisonment, the defendant shall be placed on supervised release for a term of three years under the following terms and conditions: 1) the defendant shall comply with the rules and regulations of the U.S. Probation Office and General Order 318; 2) defendant shall participate for five months in a Home Detention Program with electronic monitoring and shall pay the costs of such electronic monitoring not to exceed $4.60 per day payable to the Contract Vendor. 3) during the period of community supervision the defendant shall pay the special assessment and restitution in accordance with this judgment's orders pertaining to such payments; 4) the defendant shall notify the Court, through the Probation Office, of any material change in his economic circumstances that might affect his ability to pay restitution or the special assessment; 5) as directed by the Probation Officer, the defendant shall provide to the Probation Officer a signed release authorizing credit report inquiries, federal and state income tax returns and an accurate financial statement with supporting documentation as to all assets, income and expenses of the defendant. In addition, the defendant shall not apply for any loan or open any line of credit without prior approval of the Probation Officer ; and 6) the defendant shall truthfully and timely file and pay taxes during the period of community supervision. Further, the defendant shall show proof to the Probation Officer of compliance with this order.

The drug testing condition mandated by statute is suspended based on the Court's's determination that the defendant poses a low risk of future substance abuse.

It is ordered that the defendant shall pay to the United States a special assessment of $100.0 which is due immediately to the Clerk of the Court.

It is further ordered that the defendant shall pay restitution in the total amount of $72,500.00.00 pursuant to 18 USC 3663A.

The amount of restitution ordered shall be paid as follows:

| Victim | Amount |
|---|---|
| Glen Cunningham, M.D.<br>1100 North Palm Canyon<br>Palm Springs, CA 92262 | $37,500.00 |

United States District Court
Central District of California

UNITED STATES OF AMERICA
vs

Docket No. SA CR 99-143-GLT

Defendant __Drohan, Keith Robert__

DATE: 10-2-01

## JUDGMENT AND PROBATION/COMMITMENT ORDER

continued from page 1

Surender Dhiman, M.D.
2201 Glenwood Avenue
Joliet, IL 60435

$35,000.00

Restitution shall be due during the period of imprisonment, as directed by the Court or the United States Attorney, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program. If any amount of the restitution remains unpaid after release from custody, nominal monthly payments of $200.00 shall be made during the period of supervised release. Those payments shall begin 30 days aft the commencement of supervision. Nominal restitution payments are ordered as the court finds that the defendant's economic circumstances d not allow for either immediate or future payment of the amount ordered.

Pursuant to 18 USC 3612(f)(3)(A), interest on the restitution ordered is waived because of the defendant does not have the ability to pay interes Payments may be subject to penalties for default and delinquency pursuant to 18 USC 3612(g).

If any amount of restitution ordered remains unpaid after the termination of supervision, the balance shall be paid as directed by the Untied State Attorney's Office.

Pursuant to Section 5E1.2(e) of the Guidelines, all fines are waived as it is found that he defendant does not have the ability to pay fine in additic to restitution.

Until restitution has ben paid in full, the defendant shall notify the United States Attorney General of any change in his mailing or residence address no later than thirty (30) days after the change occurs.

The defendant shall notify the Court through the Probation Office, and the United States Attorney for this district of any material change in his economic circumstances that might affect his ability to pay restitution, as required by 18 USC S3664(k). The Court may also accept such notification from the government or the victim, and may, on its own motion or that of a party or the victim, adjust the manner of payment the restitution pursuant to 18 USC 3664(K).

It is further ordered that the defendant surrender himself to the Bureau of Prisons on or before 12 noon on November 15, 2001. In absence of such designation, the defendant shall report on or before the same date and time, to the United States Marshal located at: United States Court House 411 West Fourth Street, Santa Ana, CA 92701-4516.

It is ordered that Bond will be exonerated upon surrender.

It is further ordered that pursuant to Government's motion, remaining Counts are dismissed.

In addition to the special conditions of supervision imposed above, it is hereby ordered that the Standard Conditions of Probation and Supervised Release set out on the reverse side of this judgment be imposed. The Court may change the conditions of supervision, reduce or extend the period of supervision, and at any time during the supervision period or within the maximum period permitted by law, may issue a warrant and revoke supervision for a violation occurring during the supervision period.

☐ This is a direct commitment to the Bureau of Prisons, and the Court has NO OBJECTION should the Bureau of Prisons designate defendant to a Community Corrections Center.

Signed by: U. S. District Judge _____   10/10/01

It is ordered that the Clerk deliver a certified copy of this Judgment and Probation/Commitment Order to the U.S. Marshal or other qualified officer.

Sherri R. Carter, Clerk

Dated/Filed __10/10/01__   By __Lisa Bredale__

, Deputy Clerk

U.S.A. vs DROHAN, Keith Robert

Docket No.: SA CR 99-143-GLT

## STANDARD CONDITIONS OF PROBATION AND SUPERVISED RELEASE

While the defendant is on probation or supervised release pursuant to this judgment:

1. The defendant shall not commit another Federal, state or local crime;
2. the defendant shall not leave the judicial district without the written permission of the court or probation officer;
3. the defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;
4. the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
5. the defendant shall support his or her dependants and meet other family responsibilities;
6. the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
7. the defendant shall notify the probation officer within 72 hours of any change in residence or employment;
8. the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;
9. the defendant shall not frequent places where controlled substances are illegally sold, used, distributed or administered;
10. the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
11. the defendant shall permit a probation officer to visit him her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
12. the defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer;
13. the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
14. as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to conform the defendant's compliance with such notification requirement;
15. the defendant shall not possess a firearm or other dangerous weapon;
16. the defendant shall, upon release from any period of custody, report to the probation officer within 72 hours.

These conditions are in addition to any other conditions imposed by this Judgment.

### RETURN

I have executed the within Judgment and Commitment as follows:

Defendant delivered on _____ to _____

Defendant noted on appeal on _____

Defendant released on _____

Mandate issued on _____

Defendant's appeal determined on _____

Defendant delivered on _____ to _____
at _____, the institution designated by the Bureau of Prisons, with a certified copy of the within Judgment and Commitment.

UNITED STATES MARSHAL

DATED: _____   BY: _____

### CERTIFICATE

I hereby attest and certify this date that the foregoing document is a full, true and correct copy of the original on file in my office, and in my legal custody.

CLERK, U.S. DISTRICT COURT

DATED: 10/11/01   BY: [signature], Deputy Clerk

AO-245-A (01/90)   JUDGMENT AND PROBATION/COMMITMENT ORDER

**EXHIBIT 2**

## LIST OF DOCUMENTS REQUESTED

Twenty categories of documents are requested, as follows:

1. Bank statements for the past 24 months from all banks, or other financial institutions, where you, or your spouse, have an account of any kind.

2. Business records for the present year and past calendar year which reflects assets, liabilities, gross receipt and expenses for any sole proprietorship, partnership or corporation in which you, or your spouse, own any interest.

3. Bank statements for the past 24 months from all banks or other financial institutions, where any sole proprietorship, partnership, or corporation in which you, or your spouse, own any interest, has an account of any kind.

4. All trust agreements in which you, or your spouse, are named trustor, trustee or beneficiary.

5. All deeds, leases, contracts, and other documents representing any ownership interest you, or your spouse, have in any real property, and all deeds of trust, mortgages, or other documents evidencing encumbrances of any kind on your real property.

6. All stocks, bonds, or other securities of any class you may own, by you separately or jointly with others, including options to purchase any securities.

-7-

7. Titles and registration certificates to all motor vehicles, aircraft and watercraft owned by you or your spouse.

8. All life insurance policies in which you are either the insured or the beneficiary.

9. All promissory notes held by you or your spouse, and all other documents evidencing any money owed to you or your spouse either now or in the future.

10. All deeds, bills of sale or other documents prepared or used in connection with any transfer of real property or personal property made by you, either by gift, sales, or otherwise within the last five years.

11. Books of deposit, passbooks or other documents setting forth all deposits or receipts made by you or for your benefit in any savings and loan accounts, certificates of deposit or checking or other bank accounts for the past three years.

12. Books of deposit, cancelled checks, bank statements, check registers and other documents setting forth all disbursements made by you from any savings accounts, savings and loan accounts, certificates of deposit or checking accounts.

13. Copies of all financial statements and loan applications submitted by you within the last five years for the purpose of obtaining credit.

14. Payroll records and records of earnings showing all earnings of and sums received by you for the past three years.

Said record is to include salary, bonuses, expense account, automobile reimbursement, and other things of value received by you. Said record should detail each pay period for gross earnings and all deductions from said gross earnings.

15. Documents concerning any income received or receivable by you from any source whatsoever other than current earnings for the past three years.

16. Records of all sums on deposit to your credit in a credit union and/or any company savings account or plan of any type or description.

17. All records and court papers concerning any lawsuits in which you are involved in any manner.

18. Your federal and state income tax returns, including W-2 Forms and supporting schedules, for the past three years.

19. All documents in the possession of under your control tending to establish your monthly expenses for the following: rent, food and household supplies, utilities, telephone, laundry and cleaning, clothing, medical, dental, insurance (life, healthy, accident, etc.), school, entertainment, incidentals, transportation, auto expenses, (insurance, gas, oil, repair, etc.) and installment payments, including cancelled checks showing payments of said charges, any and all bills, receipts, charge account statements and charge account receipts directly relating to said expenditures.

20. All financial statements for yourself, any member of your immediate family, or any business or partnership in which you have any ownership interest, filed or created from during the last five years.